

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYNA MARIE DAVIS,<br><br>       Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>       Defendant. | Case No. 24-cv-2052-MMA-KSC<br><br>**ORDER DISMISSING CASE FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406** |

   Plaintiff Cheyna Marie Davis brings this lemon law action alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and related state laws against Defendant FCA US, LLC. *See* Doc. No. 1. Initially, Plaintiff filed this action in the San Diego County Superior Court, Doc. No. 1-2, and Defendant then removed the action to this Court, Doc. No. 1.

   On April 11, 2025, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff's counsel to show cause in writing as to why this action should not be dismissed or transferred for improper venue pursuant to 28 U.S.C. § 1406(a), as there appears to be no meaningful connection between the facts of this case and the Southern District of California. Doc. No. 7; *see also* Doc. No. 1-2 ¶¶ 2, 4. On April 16, 2025, Plaintiff filed a response acknowledging that, upon review of the case, venue is proper in New York rather than in the Southern District of California. Doc. No. 8.

The general venue statute provides in relevant part that a civil action may be brought in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

As Plaintiff now concedes, there is no meaningful connection between the events giving rise to this action and California, let alone the Southern District of California. Plaintiff is a resident of New York, and Defendant is a Delaware corporation. *See* Doc. No. 1-2 ¶¶ 2, 4. And Plaintiff does not sufficiently plead that Defendant's presence within this District is such that it can be deemed a resident here. 28 U.S.C. § 1391(c)(2). Additionally, Plaintiff does not allege that she purchased, leased, or repaired the subject vehicle in California, that she entered into the warranty agreement in California, or that any conduct underlying her claims occurred in this state. *See generally* Doc. No. 1-2. Given these circumstances, the Court finds that venue is not proper in the Southern District of California, as neither party resides in the district and no substantial portion of the events giving rise to Plaintiff's claim are alleged to have occurred here.

When venue is improper, the Court has discretion to dismiss the action or, "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). In her response to the Court's OSC, Plaintiff did not articulate why it would be in the interests of justice to transfer this action. And the Court finds no basis to conclude that transferring this action would promote the interests of justice.

Accordingly, the Court finds that venue is improper in the Southern District of California, and it is not in the interest of justice to transfer this action. For these reasons, the Court **DISMISSES** this action in its entirety for improper venue without prejudice to Plaintiff refiling in the appropriate district court based upon a showing of proper venue.

The Court **DIRECTS** the Clerk of Court to terminate all pending motions and deadlines and close this case.

    **IT IS SO ORDERED**.

Dated: April 23, 2025

                      HON. MICHAEL M. ANELLO
                      United States District Judge